Michael BUMGARNER, et al., Plaintiffs,

v.

CARLISLE MEDICAL, INC., Defendant/Third–Party Plaintiff,

v.

James S. CRUMP, Jr., Third–Party Defendant.

Civ. A. No. 3:91CV–0735(B) (C).

United States District Court, S.D. Mississippi, Jackson Division.

Jan. 8, 1993.

David C. Dunbar, Holcomb Dunbar Connell Chaffin & Willard, Jackson, MS, for Bumgarner, et al.

James Carter Thompson, Jr., Butler Snow O'Mara Stevens & Cannada, Jackson, MS, for Crump.

Cary E. Bufkin, Shell Buford Bufkin Callicutt & Perry, Jackson, MS, for Carlisle.

## MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure on Motion of Third-Party Defendant James S. Crump, Jr., to Dismiss for lack of personal jurisdiction. Having considered the Motion together with sup-

porting and opposing memoranda and affidavits, the Court is of the opinion that the Motion is well taken and should be granted.

## I. BACKGROUND

Defendant/Third–Party Plaintiff Carlisle Medical, Inc. ("Carlisle") is an Alabama corporation that distributes prescription medications by mail from its offices in Mobile, Alabama, to persons living in various States, including Mississippi. James Crump, a resident of Mobile, was employed by Carlisle at its Mobile offices from April of 1988 until October of 1991 as a licensed pharmacist.

Plaintiffs allege in their Amended Complaint that Carlisle delivered incorrect medications to Plaintiff Michael Bumgarner at his residence in Natchez, Mississippi. Plaintiffs allege that as a result of Bumgarner's ingestion of these medications, he suffered physical and mental injuries and became violent and abusive toward his wife, Plaintiff Linda Bumgarner, and his children, Plaintiffs Erika Leigh and Daniel Justin Bumgarner. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity of citizenship.

Carlisle answered the Amended Complaint and filed a third-party complaint against Crump for indemnity, alleging that if Plaintiffs' allegations should be proved, then such conduct should be attributed to Crump, and Crump should be held liable for any judgment issued against Carlisle. Crump has moved the Court to dismiss the Third–Party Complaint for lack of personal jurisdiction.

## II. ANALYSIS

A federal court sitting in diversity may exercise jurisdiction over a nonresident defendant only if: (1) state law confers such jurisdiction; and (2) the assertion of jurisdiction comports with the due process clause of the fourteenth amendment. *WNS, Inc. v. Farrow,* 884 F.2d 200, 202 (5th Cir.1989). In this case, the Court need not determine whether the Mississippi "long-arm" statute, Miss.Code Ann. § 13–3–57 (Supp.1992), reaches Crump because the Court holds that Carlisle has failed to

show that an assertion of jurisdiction over Crump would be constitutionally permissible.

Due process requires that a nonresident defendant must have purposefully established "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) (quoting *Milliken v. Meyer,* 311 U.S. 457, 463, 61 S.Ct. 339, 343, 85 L.Ed. 278 (1940)). Such contacts between the nonresident defendant and the forum state may support either "general" or "specific" jurisdiction. *WNS,* 884 F.2d at 202.

### A. Minimum Contacts

When a controversy arises out of a nonresident defendant's contacts with the forum, the minimum contacts inquiry focuses on the relationship among the nonresident defendant, the forum, and the litigation. *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408, 414, 104 S.Ct. 1868, 1872, 80 L.Ed.2d 404 (1984); *Shaffer v. Heitner,* 433 U.S. 186, 204, 97 S.Ct. 2569, 2579, 53 L.Ed.2d 683 (1977)). Contacts are sufficient to support jurisdiction if the nonresident defendant "has 'purposefully directed' his activities at residents of the forum ... and the litigation results from alleged injuries that "arise out of or relate to" those activities...." *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 2182, 85 L.Ed.2d 528 (1985).

Contending that he has no personal contacts with Mississippi other than through his employment with Carlisle, Crump argues that "if an individual's contacts with a forum state arise solely through the performance of his official duties for a corporation, he is not *as an individual* subject to jurisdiction in that forum as a result of those corporate contacts." Mem. of Third–Party Def. in Supp. of Mot. to Dismiss at 6. Crump, however, misinterprets the fiduciary-shield doctrine to which he alludes.

■ While it is true that a forum cannot exercise personal jurisdiction over the employees of a corporation simply because it has proper jurisdiction over their employer,[1] this rule does not automatically shield employees from jurisdiction in a forum in which they commit, on behalf of their employer, acts from which a cause of action arises. Thus, in *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984), the United States Supreme Court noted:

> Petitioners are correct that their contacts with [the forum State] are not to be judged according their employer's activities there. On the other hand, their status as employees does not somehow insulate them from jurisdiction. Each defendant's contacts with the forum State must be assessed individually.

*Id.* at 790, 104 S.Ct. at 1487 (citing *Rush v. Savchuk*, 444 U.S. 320, 332, 100 S.Ct. 571, 579, 62 L.Ed.2d 516 (1980) (stating that "[t]he requirements of *International Shoe* ... must be met as to each defendant over whom a state court exercises jurisdiction.")).

Thus, if Crump purposefully directed the activities at issue to Mississippi, even if solely in the course of his employment, then Crump would have contacts with Mississippi sufficient to support an assertion by Mississippi of personal jurisdiction over him. Carlisle, however, has failed to submit any evidence tending to show such purposeful direction by Crump.

■ Once a motion to dismiss for lack of personal jurisdiction has been presented by a nonresident defendant, the plaintiff bears the burden of proving sufficient contacts between the defendant and the forum. *WNS*, 884 F.2d at 203 (citing *D.J. Investments v. Metzeler Motorcycle Tire Agent Gregg*, 754 F.2d 542, 545 (5th Cir.1985)). In this analysis, the plaintiff need only present facts sufficient to constitute a prima facie case of personal jurisdiction. *Id.* Uncontroverted allegations in the complaint must be taken as true, and conflicts between the facts contained in the parties'

affidavits must be resolved in the plaintiff's favor. *Id.*

The Court holds that Carlisle has not met its burden of establishing that Crump personally directed the activities giving rise to the Third–Party Complaint toward Mississippi. Carlisle has submitted no evidence showing that Crump was aware that the prescription he filled for Bumgarner was being sent to Mississippi. Carlisle alleges in its Response that Crump personally addressed and shipped Bumgarner's medications to him in Mississippi, but this allegation is denied by Crump, who states in his affidavit that a shipping clerk performed these duties. Although Carlisle presents the affidavit of Gerald Ellis, a former co-worker of Crump's, in which Ellis states that Crump filled an average of 22 prescriptions per week for customers living in Mississippi, Carlisle fails to present any evidence suggesting that Crump *knew* that any of these customers, let alone Bumgarner, lived in Mississippi. Because Carlisle has failed to establish the existence of sufficient contacts between Crump and Mississippi, the Court will grant Crump's Motion to Dismiss for lack of personal jurisdiction.

### B. Fairness

■ Even if Carlisle had established the existence of sufficient contacts, an assertion of jurisdiction over Crump still would not meet the second requirement of *International Shoe*, that such an assertion not offend "traditional notions of fair play and substantial justice." *International Shoe*, 326 U.S. at 316, 66 S.Ct. at 158.

Because it is Carlisle, rather than Plaintiffs, who seeks to invoke this Court's jurisdiction, the facts of this case are similar to those in *Asahi Metal Industry Co. v. Superior Court of California*, 480 U.S. 102, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). In *Asahi*, a California resident sued, inter alia, a Taiwanese inner tube manufacturer in California for injuries he received when the inner tube on a motorcycle he was riding allegedly malfunctioned. The Taiwanese company filed a cross-claim seeking indem-

---

1. *See Stuart v. Spademan*, 772 F.2d 1185, 1196–98 (5th Cir.1985); 4 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1069 (1987).

nification from the Japanese manufacturer of the valve assembly that was incorporated in the inner tube. After the plaintiff settled his claim against the Taiwanese company and the other defendants, leaving only the indemnity action against the Japanese company, the California court denied the motion made by the Japanese company to quash the summons issued against it.

■ The United States Supreme Court held that California's assertion of personal jurisdiction over the Japanese company violated due process because (1) the Taiwanese company did not show that the Japanese company purposefully availed itself of the California market, *Id.* at 112–13, 107 S.Ct. at 1032; and (2) such assertion was "unreasonable and unfair." *Id.* at 116, 107 S.Ct. at 1034. In determining the reasonableness of California's assertion of jurisdiction, the Court evaluated several factors. These factors were the burden placed on the defendant, the interests of the forum State, the interest of the party seeking jurisdiction in obtaining relief, and " 'the interstate judicial system's interest in obtaining the most efficient resolution of controversies; and the shared interest of the several States in furthering fundamental substantive social policies.' " *Id.* at 113, 107 S.Ct. at 1033 (quoting *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292, 100 S.Ct. 559, 564, 62 L.Ed.2d 490 (1980)).

The Court found that consideration of those factors revealed the unfairness of California's assertion of jurisdiction over the Japanese company. The burden on the Japanese company was severe because of the distance between Japan and California and because the company was forced to defend itself in a foreign legal system. *Id.* 480 U.S. at 114, 107 S.Ct. at 1033. The interests of the forum State were slight because the party seeking jurisdiction was not a California resident, and it was "not at

all clear ... that California law should govern the question whether a Japanese corporation should indemnify a Taiwanese corporation on the basis of a sale made in Taiwan and a shipment of goods from Japan to Taiwan." *Id.* at 114–15, 107 S.Ct. at 1033. The interest of the Taiwanese company in obtaining relief was slight because the company did not demonstrate that it was more convenient for it to litigate its indemnification claim in California rather than in Taiwan or Japan. *Id.* at 114, 107 S.Ct. at 1033. The Court finally noted that the interests of the several States in the efficient judicial resolution of the dispute and the advancement of substantive social policies is "best served by a careful inquiry into the reasonableness of the assertion of jurisdiction in the particular case, and an unwillingness to find the serious burdens placed on an alien defendant outweighed by minimal interests on the part of the plaintiff or the forum State." *Id.* at 115, 107 S.Ct. at 1034.

In this case, as in *Asahi,* it is Defendant Carlisle, rather than Plaintiffs, who wishes the Court to invoke jurisdiction over Crump. Although the burden placed on Crump may not be as severe as that placed on the Japanese company in *Asahi,* defending this indemnity action in Mississippi rather than in Alabama still would be more burdensome to Crump, an Alabama resident. Conversely, Carlisle, an Alabama corporation, has not shown that it would be more convenient for it to prosecute this indemnity action in Mississippi rather than in Alabama.[2] Although Plaintiffs suffered their injuries in Mississippi, the actions on which the indemnity suit is based allegedly occurred in Alabama. Perhaps most significantly, Alabama has a much stronger interest than does Mississippi in determining the rights of an Alabama corporation to indemnity from its Alabama employee. Moreover, it appears that Alabama rather than Mississippi law should govern. Consideration of these factors reveals that as-

---

**2.** The Court acknowledges that, unlike the facts in *Asahi,* there still is pending before the Court the action brought by Plaintiffs against Carlisle. Carlisle nevertheless has not demonstrated that the burden on Crump of defending in Mississippi would be outweighed by the burden on Carlisle of bringing an indemnity action in Alabama should judgment be rendered against Carlisle in this Court.

**466**

sertion by the Court of jurisdiction over Crump in this indemnity action would be unreasonable and unfair.

### III. CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Third–Party Defendant James S. Crump's Motion to Dismiss is granted and that Crump shall be dismissed from this action without prejudice to Defendant/Third–Party Plaintiff Carlisle Medical, Inc.

SO ORDERED.